**Prashant Shantilal AGRAWAT; Sonal Prashant Agrawat, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–73292.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Sept. 28, 2010.

Richard E. Oriakhi, Esquire, Law Office of Jaspreet Singh, Fremont, CA, for Petitioners.

Dalin Riley Holyoak, Esquire, Trial, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Prashant Shantilal Agrawat ("Prashant") and Sonal Prashant Agrawat, natives and citizens of India, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.

Substantial evidence supports the agency's finding that petitioners failed to establish they were persecuted or have a well-founded fear of future persecution on account of a protected ground. *See Molina–Morales v. INS,* 237 F.3d 1048, 1052 (9th Cir.2001) (purely personal retribution is not persecution on account of a political opinion). We lack jurisdiction to review petitioners' contention that Prashant qualifies as a whistleblower, because it is unexhausted. *See Barron v. Ashcroft,* 358 F.3d

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

674, 678 (9th Cir.2004). Accordingly, petitioners' asylum and withholding of removal claims fail. *See Molina–Morales,* 237 F.3d at 1052.

Substantial evidence also supports the BIA's denial of CAT relief because petitioners failed to establish it is more likely than not that they will be tortured if they return to India. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.